UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANGELIA MEYERS**                          **CASE NO.  6:21-CV-03384**

**VERSUS**                                  **JUDGE      ROBERT      R. SUMMERHAYS**

**LOWES HOME CENTERS L L C ET AL**          **MAGISTRATE JUDGE PATRICK J. HANNA**

## REPORT AND RECOMMENDATION

Before this Court is a motion to remand filed by plaintiff Angelia Meyers ("Plaintiff" or "Meyers").[1]  Defendant Lowes Home Centers, LLC ("Lowe's") opposes remand.[2]  Plaintiff's motion was referred to the undersigned.[3]  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion for remand be DENIED.

## Factual Background

Plaintiff filed suit in Louisiana's 27th Judicial District Court for the Parish of St. Landry asserting claims against Lowe's and Alan Sherlock ("Sherlock"), general

---

[1]    Rec. Doc. 8.
[2]    Rec. Doc. 12.
[3]    Rec. Doc. 9.

manager of the Lowe's located at 1130 East Landry Street in Opelousas, Louisiana.[4]

Plaintiff alleges she tripped over a security cable attached to items on display outside

of the aforementioned Opelousas Lowe's.[5]  Specifically, Plaintiff alleges she tripped

on a "hard-to-see or perceive cable" and fell to the ground after purchasing a sno-

cone from a vendor operating on the premises.[6]  Plaintiff claims Sherlock breached

the duty owed to her by:

> a.   Allowing a third-party vendor to position itself in an area that would cause patrons to travel atypical paths into and out of the Store.
> b.   Failing to remove the cable so as to remove the trip hazard.
> c.   Failing to warn patrons of the existence of the cable once Manager decided to not remove the cable.[7]

Lowe's removed Plaintiff's suit to this court on or about September 22, 2021,

asserting this court's diversity jurisdiction.[8]  Defendant's notice of removal neither

mentioned Plaintiff's claims against Sherlock, nor sought a finding of improper

joinder from the Court.[9]  Plaintiff is a resident and domiciliary of St. Landry Parish,

Louisiana.  Defendant Lowe's is an LLC organized under the law of the State of

North Carolina with its principal place of business also located in North Carolina.

---

[4]    Rec. Doc. 1-1.
[5]    *Id.* at ¶¶ 4-6.
[6]    *Id.* at ¶¶ 4-7.
[7]    *Id.* at ¶¶ 13-14.
[8]    Rec. Doc. 1.
[9]    *Id.*

Its sole member, Lowe's Companies, Inc. is also organized under the law of and maintains its principal place of business in the State of North Carolina.[10]  Defendant Sherlock is a resident and domiciliary of Carencro, Louisiana.[11]

Plaintiff filed the instant motion to remand on or about October 20, 2021.  In response, Lowe's now argues for a finding of improper joinder as to Sherlock and, accordingly, denial of remand.

## Law and Analysis

"Federal courts are courts of limited jurisdiction.  Absent jurisdiction conferred by statute, district courts lack power to consider claims."[12]  Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[13] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[14]  A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[15]  Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[16]  The party invoking the court's subject-matter jurisdiction has

---

[10]    *Id.* at ¶¶ 8-10.
[11]    Rec. Doc. 1-1 at ¶ 1.
[12]    *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[13]    28 U.S.C. § 1331.
[14]    28 U.S.C. § 1332.
[15]    *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.
[16]    *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

the burden of establishing the court's jurisdiction.[17]  Thus, when a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden.[18]  Accordingly, Lowe's has the burden of establishing that this court has subject-matter jurisdiction over this action.  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[19]

**Diversity of Citizenship**

As explained above, both Plaintiff and Sherlock are Louisiana citizens. Accordingly, this Court finds that there is not complete diversity among the parties in this case.[20]

**Improper Joinder**

Plaintiff's motion to remand asserts this Court's lack of subject matter jurisdiction based on Sherlock's Louisiana citizenship.[21]  Lowe's opposes remand, arguing Sherlock's citizenship should be disregarded for purposes of subject-matter jurisdiction because Sherlock was improperly joined as a defendant in this matter.[22]

---

[17]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co*., 287 F.2d 252, 253 (5th Cir. 1961).
[18]      *Shearer v. Southwest Service Life Ins. Co*., 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc*., 416 F.3d 382, 388 (5th Cir. 2005).
[19]      28 U.S.C. § 1447(c).
[20]      28 U.S.C. § 1332.
[21]      Rec. Doc. 8.
[22]      Rec. Doc. 13.

The doctrine of improper joinder is a narrow exception to the complete diversity requirement.[23]  The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"[24]  "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[25]

To establish improper joinder, Lowe's must either prove fraud in the pleading of jurisdictional facts, or that Plaintiff is unable to establish any viable cause of action against the nondiverse party in state court.[26]  Here, there is no allegation of actual fraud.  Therefore, the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.[27]

A defendant contending that a nondiverse party is improperly joined has a heavy burden of proof.[28]  The court must evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving contested issues of substantive fact in favor of the plaintiff.[29]  The sufficiency of a

---

[23]     *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs*., 408 F.3d 177, 183 (5th Cir. 2005).
[24]     *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004).
[25]     *Smallwood v. Illinois Cent. R. Co*., 385 F.3d at 573.
[26]     *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).
[27]     *Smallwood v. Illinois Central Railroad Co*., 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).
[28]     *Green v. Amerada Hess Corp*., 707 F.2d 201, 205 (5th Cir. 1983).
[29]     *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005).

plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal pleading standards.[30]  Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6).  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[31]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[32]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33]  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[34]  As part of this analysis, the court must separate legal conclusions from well-pleaded facts[35] then review the well-pleaded factual allegations, assume them to be true, and determine whether they "plausibly give rise to an entitlement of relief."[36]  "[A] single

---

[30]    *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[31]    *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573.
[32]    *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[33]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[34]    *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.
[35]    *Ashcroft v. Iqbal*, 556 U.S. at 678-79.
[36]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[37]

In deciding whether a defendant was improperly joined, a court must proceed as follows:

> First, a court looks at the allegations contained in the complaint. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. When a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. The decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.[38]

Thus, a court, in its discretion, must either conduct a Rule 12(b)(6)-type analysis, or pierce the pleadings and conduct a summary inquiry.[39]  Importantly, as a threshold matter, a "summary inquiry" should not be confused with a "summary judgment inquiry."  In a summary inquiry, the court considers summary-judgment type evidence, but "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[40]  Instead, the removing defendant must affirmatively preclude the possibility of

---

[37]    *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).  See, also, *Green v. Amerada Hess Corp.*, 707 F.2d at 208 ("If even one of Green's many claims might be successful, a remand to state court is necessary.").

[38]    *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (internal citations and quotation marks omitted).

[39]    See *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d at 207.

[40]    *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

recovery.[41]  In a summary inquiry, any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.[42]

When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims.[43]  Louisiana law permits a finding of liability on the part of corporate officers or employees in their individual capacities only under certain circumstances.[44]  Pursuant to the Louisiana Supreme Court's holding in *Canter v. Koehring Co.*, Louisiana law permits the imposition of liability on store managers in cases involving injury to third parties when: (1) the employer owes a duty of care to the third person, a breach of which caused the damage for which recovery is sought; (2) this duty was delegated by the employer to the defendant manager; (3) the defendant manager breached this duty through personal fault; and (4) personal liability may not be imposed merely based on the manager's general administrative responsibilities.[45]

Lowe's disputes the allegation contained within Plaintiff's complaint that Sherlock "made the decision not to remove the cable" over which Plaintiff alleges

---

[41]    *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.
[42]    *Travis v. Irby*, 326 F.3d at 649.
[43]    *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. Appx. 451, 453 (5th Cir. 2011).
[44]    *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911 (5th Cir. 2009); *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973).
[45]    *Canter*, 283 So.2d at 721; *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) (adopting Louisiana's *Canter* analysis).

she tripped.  In response, Lowe's offers Sherlock's affidavit, in which he denies any knowledge of a trip hazard caused by the cable.[46]  Sherlock attests that he did not place the cable at the area where Plaintiff allegedly fell, nor had he been made aware of any potential trip hazard caused by the cable.  Sherlock also denies having seen Plaintiff's alleged fall when it occurred, stating he learned of the incident from another employee.[47]   Plaintiff offers no evidence to refute Sherlock's affidavit.

Here, the Court pierces the pleadings to consider the affidavit of Sherlock, offered in support of its opposition to remand.[48]  Plaintiff offers no similar summary judgment-type evidence contradicting Sherlock's testimony, but seeks discovery in the hope of uncovering facts that would support liability as to the defendant store manager.  This Court does not find that permitting discovery on the issue of personal breach by Sherlock would constitute anything more than an open-ended fishing expedition.  Viewed in light of Sherlock's unrefuted affidavit, Plaintiff's complaint alleges Sherlock had a duty, delegated from Lowe's, to keep the premises free of trip hazards.[49]   This Court notes that Plaintiff's allegation insinuating the sno-cone vendor's location created an unreasonable risk of harm is similarly unavailing.  No allegation is made that Plaintiff was prevented from a reasonably safe entry to or

---

[46]    Rec. Doc. 13-1.
[47]    *Id.*
[48]    *Id.*
[49]    Rec. Doc. 1-1 at ¶ 13.

9

exit from Lowe's.  Further, the allegation that Sherlock was responsible for the presence and location of this third-party vendor is conclusory and, importantly, is not alleged to present any hazardous condition or any such condition not "open and obvious" to patrons.  As asserted by Lowe's, Louisiana law does not require provision of a "typical" means to ingress and egress, but rather modes of entry and exit that are reasonably safe.[50]

Plaintiff's qualification of this allegation, alleging that Lowe's delegated this duty to "Sherlock or other manager or manager on duty" is relevant, evidencing the administrative nature of the duty at issue.[51]  Louisiana law does not permit the imposition of liability upon a store manager under these facts.[52]

---

[50]    La. R.S. 9:2800.6(A) ("[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. The duty includes a reasonable effort to keep premises free of any hazardous conditions which might reasonably give rise to damage."); *Tomaso v. Home Depot, U.S.A., Inc.*, 174 So.3d 679 (La. App. 1 Cir. 2015) (zip tie attached to display lawnmower did not present an unreasonable danger to patron who fell while dismounting display lawnmower); *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 851 (La. 2014) (construction company owed no duty to pedestrian to warn of large dumpster placed in such a way that it obstructed pedestrian crossings, as such hazard was open and obvious); *Russell v. Morgan's Bestway of Louisiana, LLC*, 113 So.3d 448 (La. App. 2 Cir. 2013) (stocking carts positioned in the aisle did not present an unreasonably dangerous hazard).

[51]    *Id.*

[52]    *Robinson v. Wal-Mart Stores, Inc.*, Civ. Act. No. 15-6871, 2016 WL 1572078 (E.D. La. 2016) (allegations against store manager did not allege the breach of a personal duty to plaintiff); *Black v. Lowe's Home Centers, Inc.*, Civ. Act. No. 10-478-C-M2, 2010 WL 4790906 (M.D. La. 2010) (finding improper joinder as to store manager on duty at time of plaintiff's slip and fall injury where no evidence demonstrated manager's personal knowledge or involvement in the events at issue); *Carter v. Wal-Mart Stores, Inc.*, Civ. Act. No. 04-CV-72, 2005 WL 1831092 (W. D. La. 2005) (finding improper joinder as to two store managers based on allegations which alleged breach of administrative duties, rather than personal participation in the events giving rise to the case); *Dodson v. K-Mart Corp.*, 891 So.2d 789 (La. App. 3 Cir. 2004) (vacating trial court's apportionment of liability to store manager because no evidence adduced indicated manager was actually aware of a hazard created by wet shopping carts on the date in question or otherwise personally involved in the events of plaintiff's accident; allegations were squarely within the realm of administrative duties)

Considering the foregoing, this Court finds that defendant store manager Sherlock was improperly joined, as Plaintiff has no reasonably viable claim against him under Louisiana premises liability law.  Accordingly, Sherlock's citizenship should be disregarded for purposes of the Court's diversity jurisdiction analysis. Disregarding Sherlock's Louisiana citizenship, this Court observes that complete diversity exists as among Plaintiff and defendant Lowe's.  Based on these findings, this Court will recommend that Plaintiff's motion for remand be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that the motion for remand filed by Plaintiff be DENIED based upon a finding of improper joinder as to defendant store manager Sherlock.[53]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[53]    Rec. Doc. 8.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of April, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE